UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NORRIS G. HOLDER, JR., <br><br> *Petitioner*, <br><br> v. <br><br> STEVEN KALLIS, Warden, <br> USP Terre Haute, and <br> UNITED STATES OF AMERICA, <br><br> *Respondents*. | Case No. 2:22-cv-00212-JRS-MG <br><br> **DEATH PENALTY CASE** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

On July 18, 2022, this Court extended the time for the government to respond to the Petition for Writ of Habeas Corpus filed by Norris G. Holder, Jr., until September 19, 2022. Since Mr. Holder filed his petition and while the government's response remains pending, two relevant decisions have been issued that bear on this Court's resolution of his claims for relief.

First, on June 21, 2022, the United States Supreme Court issued *United States v. Taylor,* 142 S. Ct. 2015 (2022). (Ex. 1.) Applying a categorical approach, the Court held that attempted Hobbs Act Robbery does not qualify as a "crime of violence" under the elements clause of 18 U.S.C. § 924(c) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force. In analyzing this issue, the Court reiterated that the categorical approach "doesn't ask whether the crime is *sometimes* or even *usually* associated with communicated threats of force (or, for that matter, with the actual or attempted use of force)." *Id.* at 2024. The categorical analysis asks only "whether the government must prove as an *element* of its case, the use, attempted use, or threatened use of force." *Id.*

Of particular relevance to Mr. Holder's case, *Taylor* rejected the government's argument in favor of an expansive interpretation of "threatened" force. *See id.* at 2022–23. "The government's . . . interpretation would vastly expand the statute's reach by sweeping in conduct that poses an abstract risk to community peace and order, whether known or unknown to anyone at the time." *Id.* at 2023. Instead, the Court concluded that § 924(c) must be read "as requiring a communicated threat." *Id.* If the predicate crime can be committed without knowingly or intentionally communicating the threat of strong physical force, it does not satisfy § 924(c)'s elements clause. *Id.*

As Mr. Holder explained in his petition (ECF No. 1, at 19–21), federal bank robbery under 18 U.S.C. § 2113(a) can be committed by intimidation, which does not require the communicated threat of violent physical force. Thus, federal bank robbery is not a categorical crime of violence under § 924(c).

Second, on August 2, 2022, this Court granted the writ of habeas corpus to a federal death row prisoner under circumstances indistinguishable from those in Mr. Holder's case. In granting habeas relief and ordering resentencing in *Paul v. Superintendent, et al.,* No. 2:13-cv-304, 2022 WL 3043526 (S.D. Ind. Aug. 2, 2022) (Ex. 2), this Court concluded:

    1) the petitioner could bring a claim attacking his § 924(c) conviction in a § 2241 petition under the savings clause exception of 18 U.S.C. § 2255(e) because his claim was based on a new case of statutory interpretation, *Borden v. United States,* 141 S. Ct. 1817 (2022);

    2) as interpreted by the Eighth Circuit—the same court whose decisions are relevant to Mr. Holder's case—the robbery underlying the petitioner's

2

§ 924(c) conviction did not require a knowing use, attempted use, or threatened use of force, so it was not a crime of violence under *Borden*; and

3) the invalidation of the petitioner's § 924(c) conviction required that he receive a new capital sentencing hearing on his remaining conviction.

In reaching its decision, this Court in *Paul* relied on the Eighth Circuit's analysis of the "by force and violence, or intimidation" clause in the federal bank robbery statute 18 U.S.C. § 2113, the statute underlying Mr. Holder's conviction. It determined that in the Eighth Circuit, the *mens rea* of knowledge did not apply to that clause for either federal bank robbery or the robbery underlying Mr. Paul's conviction. For these reasons, no meaningful distinction exists between the application of the law in *Paul* and in this case. This Court should reach the same result here.

Dated August 25, 2022

Respectfully Submitted,

LISA G. PETERS
FEDERAL PUBLIC DEFENDER

By

Nadia Wood,
Assistant Federal Public Defender

Office of Federal Public Defender for the
Eastern District of Arkansas
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201

Phone: (501) 324-6114
Fax: (501) 324-5630
Nadia_Wood@fd.org

*Counsel for Norris G. Holder, Jr.*

3