UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NORRIS G. HOLDER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00212-JRS-MG |
| | ) | |
| STEVEN KALLIS, Warden, | ) | |
| USP Terre Haute | ) | |
| and | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondents. | ) | |

RESPONSE TO PETITION AND ORDER TO SHOW CAUSE

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Indiana, Zachary A. Myers, and Carrie Costantin, Special Assistant United States Attorney for said district, and files its Response to Petition and Order to Show Cause.[1]

This Court should dismiss with prejudice or otherwise deny Norris G. Holder's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Holder's claim should be dismissed under the concurrent sentence doctrine. Moreover, Holder has procedurally defaulted his claim and fails to show both cause and prejudice or actual innocence. In addition, his claim fails to meet the requirements of the "savings clause" under 28 U.S.C. § 2255(e). Lastly, Holder's claim fails on the merits for two independent reasons: (1) federal bank robbery is a crime of violence and

---

[1] The Government's response was due on January 2, 2023. On December 23, 2023, the Government filed a Motion for Extension of Time to file its response by February 1, 2023. That motion is pending.

1

thus serves as a predicate for his 18 U.S.C. 924(j) conviction; and (2) the crime of capital bank robbery is a valid predicate offense under the force clause of § 924(c)(3)(A).

## Background

On March 17, 1997, the Lindell Bank and Trust Company was robbed in a violent, "take-over" style robbery. Two robbers, Billie Allen and Norris Holder, dressed in dark clothes and wearing ski masks, entered the lobby of the bank armed with assault rifles and ordered everyone to get down. Holder wore a bullet-proof vest. Shooting began immediately. Both robbers fired their semi-automatic assault rifles. Richard Heflin, Jr., the security guard, was riddled with bullets and died. Mr. Heflin never fired a shot. Allen stayed in the lobby while Holder vaulted over a counter and took money from two teller stations. Holder admitted that he and Allen planned and committed the robbery. They chose the bank because Holder had been a customer for over a year, was familiar with the bank's layout, and its location near a highway. *United States v. Holder*, 721 F.3d 979, 982 (8th Cir. 2013).

In 1998, Holder and Allen were convicted after separate trials of killing Richard Heflin during the commission of an armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (e) (Count One), and using and carrying a firearm during the commission of a crime of violence that resulted in the death of another person under circumstances constituting first-degree murder, in violation of 18 U.S.C. §§ 924(c)(1) and 924(j)(1) (Count Two).

Allen and Holder were tried separately. On March 26, 1998, the jury convicted Holder on both counts. In accordance with the jury's recommendation, Holder was sentenced to death on Count One and death on Count Two.

## Direct Appeal

The Eighth Circuit affirmed both Allen and Holder's convictions and death sentences, expressly rejecting Allen's claim that the indictment—which failed to allege the capital eligibility facts of at least one aggravating factor—violated the Fifth Amendment. *United States v. Allen and Holder*, 247 F.3d 741, 761-64 (8th Cir. 2001). The United States Supreme Court denied Holder's *certiorari* petition on June 9, 2003. *Holder v. United States,* 539 U.S. 916 (2003).

Subsequently, *Ring v. Arizona*, 536 U.S. 584 (2002) overruled precedent and held that statutory aggravator factors were the functional equivalent of elements in a capital case and required such elements to be considered by the Grand Jury and alleged in the indictment. The Supreme Court granted Allen's *certiorari* petition, vacated the Eighth Circuit's decision, and remanded Allen's case for reconsideration in light of *Ring*. *United States v. Allen*, 536 U.S. 953 (2002). Holder's *certiorari* petition did not contain this claim. After an en banc rehearing, the Eighth Circuit affirmed Allen's convictions and sentence, holding that the Fifth Amendment defect in Allen's indictment was non-structural and the error was harmless. *United States v. Allen*, 406 F.3d 940, 949 (8th Cir. 2005) (en banc). The Supreme Court denied Allen's petition for a writ of certiorari, *United States v. Allen*, 549 U.S. 1095 (2006), and further denied his petition for rehearing, *United States v. Allen*, 549 U.S. 1246 (2007).

Section 2255 Claims

On July 9, 2003, the District Court docketed Holder's motion to vacate pursuant to 28 U.S.C. § 2255 as 4:03 CV 923 ERW. On June 4, 2004, counsel filed his Motion Under 28 U.S.C. § 2255 to vacate the convictions and sentences. None of his claims asserted that federal bank robbery was not a crime of violence predicate for 18 U.S.C. § 924(c).

After briefing and an evidentiary hearing, on July 22, 2008, United States District Judge E. Richard Webber, denied Holder's claims. *Holder v. United States*, No. 4:03 CV 923 ERW, 2008 WL 2909648 (E.D. Mo. 2008). On August 13, 2008, Holder filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e), which also did not raise the crime-of-violence claim. On December 14, 2009, the District Court denied the motion. *Holder v. United States*, No. 4:03 CV 923 ERW, 2009 WL 5030785 (E.D. Mo. 2008). The Eighth Circuit affirmed the denial. *Holder v. United States*, 721 F.3d 979 (8th Cir. 2013), *rehearing denied* (2014); *cert. denied,* 577 U.S. 829 (2015).

On May 13, 2016, Holder filed an application with the Eighth Circuit requesting permission to file a successive habeas petition, claiming he was entitled to relief under the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2552 (2015). *Holder v. United States*, Case No. 16-2207. Holder argued that the intimidation element of § 2113(a) did not require intentional conduct and that therefore a § 2113(a) conviction could not qualify as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). *Holder v. United States*, Application For Authorization to File A Successive Motion Under 28 U.S.C. § 2255(h), Case No. 16-2207, pp. 36-38.

The Eighth Circuit denied Holder's application on July 26, 2016. *Holder v. United States*, 836 F.3d 891 (8th Cir. 2016). The Court held that "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Id.*

Holder's Present § 2241 Claim

Holder's current § 2241 claim asserts that federal bank robbery in violation of 18 U.S.C. § 2113 (a) and (e) (Count One) is not a crime of violence because it does not require a *mens rea*

4

greater than recklessness.   Consequently, he argues Holder's conviction for use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) and (j) (Count Two) must be vacated under *Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality holds that an offense that may be committed recklessly lacks a *mens rea* element sufficient to satisfy the definition of a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i)).   This argument was rejected by the Eighth Circuit when the Court denied Holder's motion for authorization to file a second or successive § 2255 motion.   *Holder v. United States*, 836 F.3d 891 (8th Cir. 2016).   Both the Seventh and Eighth Circuits held that bank robbery is a crime of violence, and even after *Borden*, Holder's conviction under § 924(c) is still valid.   Holder's claim should be denied.

<u>Legal Analysis</u>

I.       <u>Holder's Claim Should Be Dismissed Under the Concurrent Sentence Doctrine</u>

The jury returned a death sentence for Holder on both Counts One and Two.   Holder has not identified any defect in his underlying federal bank robbery conviction and sentence (Count One).   Accordingly, this Court should decline to reach the merits of Holder's *Borden* claim under the concurrent sentence/harmless error doctrine.

The Court imposed a death sentence on Count Two in addition to a death sentence on Count One.   Although §§ 924(c)(1) and (j) technically require that any sentence imposed be "in addition to the punishment" provided by a crime of violence, for all practical purposes the death sentences are concurrent.   *United States v. Berrios*, 676 F.3d 118, 143 (3rd Cir. 2012)( § 924(j) must be consecutive to predicate offense sentence). *But see United States v. Julian*, 633 F.3d 1250 (11th Cir. 2011)( § 924(j) may be concurrent to predicate offense sentence).   Thus, the concurrent sentence doctrine is applicable.

The concurrent sentence doctrine provides that "an appellate court may avoid the resolution of legal issues affecting less than all of the counts in an indictment where at least one count has been upheld and the sentences are concurrent." *United States v. Lampley*, 573 F.2d 783, 788 (3d Cir. 1978); *see also Kassir v. United States*, 3 F.4th 556, 564 (2d Cir. 2021); (concurrent sentence doctrine applies in collateral proceedings context); *Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012) (same).

Courts have applied the concurrent sentence doctrine to challenges to § 924(j) convictions where a predicate conviction is not challenged and the sentences are concurrent. *United States v. Rodriguez*, 2022 WL 158685 *2 (S.D.N.Y. Jan. 18, 2022); *Green v. United States*, 2022 WL 4596716 *3 (D.N.J. Sept. 29, 2022).

The concurrent sentence doctrine or harmless error review has been applied to § 924(c) sentences that were consecutive to unchallenged life sentences. *Duka v. United States,* 27 F.4th 189, 194-95 (3d Cir. 2022) (concurrent sentence doctrine applied to petitioner's challenge to his § 924(c) sentence that ran consecutively to his unchallenged life sentence); *Al-Owhali v. United States*, 36 F.4th 461, 467 (2d Cir. 2022) (same); *Ruiz v. United States,* 990 F.3d 1025, 1031 (7th Cir. 2021), *rehearing and rehearing denied* 5 F.4th 839 (2021), *cert. denied*, 142 S.Ct. 1421 (2022) (any error in § 924(c) conviction is harmless given that defendant is serving life sentences on unchallenged counts).

The Court should apply the concurrent sentence/harmless error doctrine to dismiss Holder's challenge to his Count Two conviction (§§ 924(c)(1) and (j)).  Holder has a death sentence on Count One (§ 2113(a) and (e)).  He has not challenged the charge or sentence for Count One.  The Court should decline to reach the merits of Holder's petition because a ruling

in his favor on Count Two will not reduce his death sentence in Count One.   *Kassir*, 3 F.4th at 564.[2]

       II.        <u>Procedural Default</u>

Holder's claim is procedurally defaulted.   He did not preserve his challenge to the classification of bank robbery as a reckless offense and thus as an improper § 924(c) and (j) predicate.   He failed to raise the issue on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal"). A court generally cannot entertain a procedurally defaulted claim on the merits unless the defendant can excuse his default by showing either 1) cause and actual prejudice, or 2) actual innocence.   Defendant carries the burden of establishing these matters.   *Murray v. Carrier*, 477 U.S. 478, 490-96 (1986).   Holder fails to even address the matter in his petition.   He cannot meet this burden.

       A.  <u>Cause and Prejudice</u>

Holder may contend that his procedural default should be excused because it would have been futile for him to argue that reckless offenses cannot be violent felonies before the *Borden* decision. However, the Supreme Court held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."   *Bousley*, 523 U.S. at 623 (1998) (citing *Engle v. Isaac*, 456 U.S. 107, 130, n.35 (1982)).

Similarly, *Borden* was not so "novel" to constitute cause to excuse procedural default.

---

[2] Holder argues that if Count Two is vacated, Count One's death sentence should also be set aside.   As more fully discussed below, the facts supporting the death sentence in Count One are identical to those supporting Count Two. The vacatur of the death sentence in Count One is unwarranted.

In *White v. United States*, the Seventh Circuit, citing *Reed v. Ross*, 468 U.S. 1, 117 (1984), listed three non-exhaustive examples of circumstances in which an attorney may lack a "reasonable basis" to have raised a novel claim:

> (1) when the Supreme Court explicitly overrules prior precedent; (2) when a decision overturns a "longstanding and widespread practice" not previously addressed by the Court "to which the Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; and (3) when a decision disapproves of a previously-sanctioned practice.

8 F.4th 547, 555 (7th Cir. 2021).

None of these circumstances exist here. Even before the Supreme Court held that a state DUI charge did not have the requisite mental state to constitute a crime of violence, in *Leocal v. Ashcroft*, 543 U.S. 1, (2004), there was appellate litigation concerning the necessary *mens rea* for a crime of violence, *see, e.g.*, *United States v. Chapa*, 243 F.3d 921 (5th Cir. 2001), overruled by *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018). Moreover, in holding that a reckless offense lacks a *mens rea* element sufficient to satisfy the definition of a "violent felony," the *Borden* plurality stated that "*Leocal* confirms our conclusion." *Borden* did not overrule prior precedent—it was the logical outcome of *Leocal*. As such, Holder cannot demonstrate cause for his procedural default.

Holder also cannot demonstrate prejudice, as fully discussed below, because federal bank robbery is still a crime of violence and thus a predicate for his § 924(c) and (j) conviction.

### B. Actual Innocence

Holder cannot establish his actual innocence of violations of 18 U.S.C. § 924(c) and (j) (Count Two). Federal bank robbery is not a reckless offense. Post-*Borden,* it continues to qualify as a crime of violence under § 924(c) and (j).

8

III.     Savings Clause

Holder brings this habeas action pursuant to 28 U.S.C. § 2241 but § 2241 provides no avenue for relief for the claims raised in his petition.   In the vast majority of cases, 28 U.S.C. § 2255 is the exclusive postconviction remedy for a federal prisoner.   *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020).   Pursuant to 28 U.S.C. § 2255(e), "[a]n application for a writ of habeas corpus…shall not be entertained..unless it also appears that the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). This provision is commonly referred to as the "savings clause."

Here, Holder is barred from relief because he has failed to show that his claims meet the requirements of the savings clause in 28 U.S.C. § 2255(e).

The courts of appeals are split on the application of the savings clause.   The Eighth Circuit has rejected the application of the savings clause in cases such as this.     *Crayton v. United States,* 27 F.4th 652 (8th Cir. 2022) (a change in caselaw, combined with the successive motions bar, does not make § 2255's remedy inadequate); *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert granted* 142 S.Ct. 2706 (May 16, 2022) (§ 2255 remedy was not inadequate; defendant's failure to previously use § 2255 to challenge his conviction on these grounds does not make the § 2255 remedy infirm because a successive § 2255 motion is barred). The Tenth and Eleventh Circuits agree.   *McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1080 (11th Cir. 2017) (en banc); *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (Gorsuch, J.).   See also, *Bentley v. Jameson*, 2022 WL 17978794 *3 (M.D. Pa. Dec. 28, 2022) (*Borden* challenge should be pursued as petition to file a second or successive § 2255 petition in Court of Appeals—not as a habeas motion).

9

The Seventh Circuit takes a different view.   The Seventh Circuit defined the savings clause in three central cases:   *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001); and *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). Holder relies on *Davenport* and asks the court to conclude that his current § 2241 claim is within *Davenport*'s delineation of the savings clause.   Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241, p. 2.   [Document 1].   His argument fails, however, so his § 2241 petition should be dismissed.

In order to qualify for relief under *Davenport*, the Seventh Circuit stated:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. "The third condition is that [the] sentence enhancement ... have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding."

*Light v. Caraway*, 761 F.3d 809, 812-13 (7th Cir. 2014) (quoting *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir.2013) (internal citations omitted).

The Government agrees that Holder meets the first criterion because *Borden* is a statutory interpretation case. While the Government recognizes that *Borden* applies retroactively, Holder fails to satisfy the second requirement that he could not have invoked the decision in his first § 2255 motion.   He also does not satisfy the third requirement since there was no miscarriage of justice because his death sentence was not erroneous.

In *Light*, the Seventh Circuit clarified that the second *Davenport* prong requires that "the prisoner 'show that his claim was "foreclosed by binding precedent" at the time of his direct appeal and § 2255 motion.'" *Id.* at 813.   "Only if the position is foreclosed (as distinct from not being supported by—from being, in other words novel) by precedent is a § 2255 remedy

inadequate." *Id.*, at 813 (quoting *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir.2012) (internal citations omitted)).

On August 13, 2008, Holder filed his Motion to Alter or Amend Judgment Pursuant to Rule 59(e) concerning the District Court's denial of his Motion to Vacate, Set Aside or Correct His Sentence pursuant to 28 U.S.C. § 2255.   At the time of this motion, Holder was not foreclosed from arguing that recklessness was not a sufficient *mens rea* to establish a crime of violence.   In fact, he had been on notice since May 2007 that a crime of violence could not be based on a reckless *mens rea.*   In *United States v. Torres-Villalobos*, 487 F.3d 607, 616 (8th Cir. May 6, 2007), the Eighth Circuit held that *Leocal* had superseded their prior decisions finding that involuntary manslaughter was a "crime of violence" under 18 U.S.C. § 16(a).   The Court specifically held that the "use of force," as interpreted by *Leocal*, was not an element of second-degree manslaughter because the elements could be satisfied by mere reckless conduct.   At the time that Holder filed his Motion to Alter or Amend Judgment Pursuant to Rule 59(e), this area of the law was in flux, and there was no binding Eighth Circuit precedent foreclosing Holder's argument that the elements of federal bank robbery could be satisfied by reckless conduct, that reckless conduct could not be a basis for a crime of violence, and thus there was no predicate crime of violence offense to support the 18 U.S.C. § 924(j) (Count Two) conviction. *See Kelso v. Quintana,* 2022WL 2072485 (7th Cir. 2022) (petitioner did not satisfy the second prong of *Davenport* because his argument could have been included in his § 2255 proceeding after change in case law).

Indeed, Holder now argues that a 2003 Eighth Circuit opinion establishes that the "intimidation" element of bank robbery can be satisfied by even less than reckless conduct.   He

cites *United States v. Yockel*, 320 F.3d 818, 823 (8th Cir. 2003), as supporting the proposition that bank robbery requires no *mens rea* beyond the defendant's conscious awareness that he is taking money from the bank.   While the Government strongly disagrees that *Yockel* stands for this premise, Holder's *argument* that it does was fully available to him at the time he filed his Motion to Alter or Amend Judgment Pursuant to Rule 59(e) in 2008.   He therefore fails to meet the second *Davenport* requirement that "the prisoner 'show that his claim was "foreclosed by binding precedent" at the time of his direct appeal and § 2255 motion.'"   *Light*, 761 F.3d at 813.

Holder's § 2241 claim is not within *Davenport*'s delineation of the savings clause.   He is foreclosed from bringing his claim in a § 2241 motion because he could have brought it in his Motion to Alter or Amend Judgment Pursuant to Rule 59(e).   Holder's § 2241 petition must be dismissed pursuant to 28 U.S.C. § 2255(e) because he fails to satisfy the requirements of the savings clause.

IV.     Choice of Law

This case presents a choice of law issue. See *Chazen v. Marske*, 938 F.3d 851, 860 (7th Cir. 2019) (noting that it is unclear "whether, in evaluating the merits of [a habeas] petition, we should apply our own precedent or the precedent of the circuit of conviction").   Holder was convicted in the Eastern District of Missouri, which falls within the jurisdiction of the Eighth Circuit; he filed his § 2241 petition while incarcerated in the Southern District of Indiana, which is in the Seventh Circuit.   The proper starting point is the law of the circuit of conviction.

A *Davenport* petition most closely resembles a second or successive motion under Section 2255(h)(2), which must be brought in the circuit of conviction. This "suggests that Congress intended collateral review of a conviction or sentence to be made under the same legal

12

standards used by the trial court in the first instance." *Salazar v. Sherrod*, No. 09CV-619-DRH-DGW, 2012 WL 3779075, at \*5 (S.D. Ill. Aug. 31, 2012); *Chazen*, 938 F.3d at 865, (Barrett, J., concurring); *see also Roberts v. LeJeune*, 43 F.4th 695, 699 (7th Cir. 2022) (reserving the "choice-of-circuit-precedent question" for another day).

In *Davenport*, the Court reasoned that "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 612. But it added three "qualifications," one of which is that the "change in law" cannot be "a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 612 (internal citation omitted).

*Davenport* explained that "[w]hen there is a circuit split, there is no presumption that the law of the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely because he happens to have been convicted in the other circuit." *Id.* Therefore, Holder must demonstrate that he would be entitled to relief in both circuits in order to establish a miscarriage of justice.   He fails to do so.

> V.      Federal Bank Robbery Is a Crime Of Violence

In Count One, Holder was convicted of federal bank robbery under 18 U.S.C. § 2113(a) and (e).   Federal bank robbery, as delineated in 18 U.S.C. § 2113(a), is a crime of violence and therefore is a predicate crime for a violation of 18 U.S.C. § 924(j).   In this very case, the Eighth Circuit held that bank robbery in violation of § 2113(a) and (e) is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A).   *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016); *see also United States v. Harper*, 869 F.3d 624, 625 (8th Cir. 2017) (bank robbery by

intimidation under § 2113(a) is a crime of violence under the force clause because it involves a threatened use of force); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (bank robbery categorically qualifies as a crime of violence under the force clause of § 924(c)(3)(A)).

The Seventh Circuit also held that robbery by intimidation under § 2113(a) has an element of use, attempted use or threatened use of physical force against the person of another and thus qualifies as a crime of violence under § 924(c)'s force clause.   *United States v. Armour*, 840 F.3d 904, 908-909 (7th Cir. 2016); *United States v. Williams*, 864 F.3d 826, 830 (7th Cir. 2017) (bank robbery by intimidation is a crime of violence as defined by the elements clause of § 924(c)(3)(A)).

*Borden* did not change this conclusion.   In *Borden*, a plurality of the Court held that an offense that may be committed recklessly lacks a *mens rea* element sufficient to satisfy the definition of a "violent felony" under 18 U.S.C. §924(e)(2)(B)(i).   While the Government recognizes that the logic of *Borden* extends to the "crime of violence" definition in § 924(c)(3), federal bank robbery requires a knowing—not reckless—*mens rea*.   Thus, it remains a valid predicate offense under the force clause of § 924(c)(3)(A) even after *Borden*.

Section 924(c)(3)(A) states that a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." In order to determine if an offense qualifies as a violent felony under that clause, courts use the categorical approach.   *Borden*, 141 S. Ct. at 1822.   The focus is on whether the elements of the underlying statute of conviction meet the § 924(c)(3)(A)'s requirements.

Multiple courts have held—post-*Borden*—that federal bank robbery is a crime of violence.   *United States v. Buck*, 23 F.4th 919, 928 (9th Cir. 2022); *United States v. Giles*, 2022

14

WL 2791353, at *2 (N.D. Ill. July 15, 2022);*United States v. King*, 2022 WL 1451391, at *2 (3d Cir. May 9, 2022) ("Because [§ 2113(a)] requires knowledge as to both of its elements, *Borden* does not change the outcome."); *Luster v. Entzel,* 2022 WL 1164421, at *6 (N.D.W. Va. Mar. 15, 2022)  *Vaughan v. United States*, 2021 WL 4993537, at *5 (D.S.C. October 27, 2021); .

In Count One, Holder was convicted of a violation of 18 U.S.C. §§ 2113(a) and (e). Section 2113 is divisible. *United States v. Butler*, 949 F.3d 230 (5th Cir.), cert. denied, 141 S. Ct. 380 (2020).   The federal bank robbery statute provides in relevant part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another…any property or money or any other thing or value belonging to, or in the care, custody, control, management, or possession of, any bank…shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113.

In *Borden,* the Court stated that if any—even the least culpable—of the acts criminalized does not meet the definition of a crime of violence, the statute cannot serve as a predicate. 141 S. Ct. at 1822.   Specifically, if any of the acts criminalized merely carries a *mens rea* of recklessness, the statute does not qualify as a valid predicate offense under the force clause.   *Id.* at 1834.

Federal bank robbery, 18 U.S.C. § 2113(a), is a general intent crime.   *Carter v. United States*, 530 U.S. 255, 268, (2000).   The Supreme Court stated "we read subsection (a) as requiring proof of *general intent*—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation)." *Id.*

As the Supreme Court stated, "In a general sense, 'purpose' corresponds loosely with the

15

common-law concept of specific intent, while 'knowledge' corresponds loosely with the concept

of general intent." *United States v. Bailey*, 444 U.S. 394, 406 (1980).   In *Borden,* Justice

Kagen's plurality opinion noted that there are four states of mind in modern criminal statutes and

cases: purpose, knowledge, recklessness, and negligence.   141 S.Ct. at 1823.   A person acts

purposefully when he consciously desires a particular result. He acts knowingly when he is

aware that a result is practically certain to follow from his conduct, whatever his affirmative

desire.   *Id.*   The plurality opinion states:

> We have characterized the distinction between the two as "limited," explaining
> that it "has not been considered important" for many crimes. *Bailey*, 444 U.S.
> [394], at 404, 100 S.Ct. 624 [1980] (internal quotation marks omitted); *see* Model
> Penal Code, Comment 2, pp. 233–234 (calling the distinction "narrow" and often
> "inconsequential"). A person who injures another knowingly, even though not
> affirmatively wanting the result, still makes a deliberate choice with full
> awareness of consequent harm.

*Id.*

Borden held that a reckless *mens rea* was insufficient to establish a crime of violence.

141 S.Ct. at 1826; *see also United States v. Larry*, 51 F.4th 290, 292 (8th Cir. 2022)   ("When

the plurality and concurring opinions are read together, then, *Borden* holds only that the force

clause categorically excludes offenses that can be committed recklessly.").   Because federal

bank robbery is a general intent crime and requires a "knowingly" *mens rea*, *Borden* in

inapplicable. *See King*, 2022 WL 1451391, at *2.

Nevertheless, Holder contends that the least culpable form of federal bank robbery, that

is, "by intimidation," could be committed recklessly.   However, in *United States v. Estell*, 924

F.3d 1291, 1293 (8th Cir. 2019), the Eighth Circuit rejected this argument.   In *Estell*, the

defendant argued that the intimidation element in the bank robbery statute might be met through

16

a defendant's reckless or negligent conduct.   The Court held that his arguments were foreclosed by the reasoning in *United States v. Harper*, 869 F.3d 624 (8th Cir. 2017).   Specifically, Harper argued that because "intimidation" in § 2113(a) does not require proof that the robber intentionally intimidated a victim, robbery by intimidation does not have an element the threatened use of force. In effect, Harper—like Holder—argued that "threatened use of force" required a specific intent to issue a threat.   *Id*. at 626.   As the Court summarized:

> [In *Harper*], we explained that even though bank robbery by intimidation does not require a specific intent to intimidate it still constitutes a threat of physical force because " 'threat,' as commonly defined, 'speak[s] to what the statement conveys—not to the mental state of the author.' " Thus, if the government establishes that a defendant committed bank robbery by intimidation, it follows that the defendant threatened a use of force causing bodily harm. And "[a] threat of bodily harm requires a threat to use violent force because 'it is impossible to cause bodily injury without using force capable of producing that result.'"

924 F.3d at 1293 (internal citations omitted). Bank robbery is a general intent crime and thus requires a *mens rea* greater than recklessness.

The Seventh Circuit reached the same conclusion.   In *United States v. Williams*, 864 F.3d 826, 829 (7th Cir. 2017), the defendant argued that since a crime of violence must contain as an element the intentional use of force, unless there is a requirement to prove intent to intimidate, federal bank robbery cannot be a crime of violence.   The Court declined to adopt this assertion.   The Court noted that "[i]t is true that bank robbery is a general intent crime, meaning that the robber's actions giving rise to the intimidation must have been intentional."   *Id*. The Court further stated, "It is also true that federal bank robbery 'by intimidation' does not require the government to prove intent to intimidate. Still, the government must prove that the defendant acted intentionally in a way that would cause a reasonable person to be intimidated, i.e., to fear that resistance or defiance may be met with force." *Id.*   In other words, "theft of money from a

17

bank by means of intimidation is not negligent or accidental behavior." *Id.*

The Court summarized its finding:

> Bank robbery is caused by intentional acts, not by negligence or accidental conduct. With bank robbery, the intimidation—the threat of violent force—is one means by which the wrongful act of theft can be completed. The explicit or implicit threat of violent force is inherent in the intimidation element, and that is what is required by § 924(c)(3). Bank robbery by intimidation is a crime of violence as defined by the elements clause of § 924(c)(3)(A).

*Id.* at 830 (internal citation omitted). Bank robbery by intimidation is based on a defendant's intentional actions. *See also Giles*, 2022 WL 2791353, at *2 (post-*Borden,* federal bank robbery is crime of violence).

The "least culpable" act in federal bank robbery— by intimidation—meets the definition of a crime of violence.   Federal bank robbery is a crime of violence and therefore is a valid predicate offense under the force clause.

VI.    <u>Killing a Person While Committing a Federal Bank Robbery is a Crime of Violence</u>

In Count One, Holder was convicted of a violation of 18 U.S.C. § 2113(a) and (e).    As discussed above, a violation of § 2113(a) is a crime of violence and therefore a valid predicate offense for the Count Two conviction of 18 U.S.C. § 924(j).   Holder argues that § 2113(e)— killing the bank guard in the commission of the bank robbery—does not contain any scienter requirement other than that required for the underlying bank robbery.   However, § 2113(a) and (e) both require a *mens rea* greater than recklessness.

A violation of § 2113(a) alone carries a twenty-year maximum term of imprisonment. Other portions of § 2113 impose enhanced penalties if additional elements are met.   For example, §2113(d) imposes a distinct enhanced penalty in circumstances where a defendant while committing the offense "assaults any person or puts in jeopardy the life of any person by

18

the use of a dangerous weapon or device."

Holder was convicted of violating § 2113(e) by aiding and abetting, which carries an enhanced maximum penalty of life imprisonment or death and a minimum sentence of ten years. Section 2113(e) states:

> (e) Whoever, in committing any offense defined in this section, *or in avoiding or attempting to avoid apprehension for the commission of such offense*, *or in freeing himself or attempting to free himself from arrest or confinement for such offense*, kills any person…shall be punished by death or life imprisonment.

(Emphasis added).

As noted above, Holder was convicted of the offense described in § 2113(a): aiding and abetting the taking from a person "by force and violence, or by intimidation" property in the custody of a bank.   In order for the jury to convict Holder of a violation of §2113(e), they had to find the additional element that Allen killed a person (and Holder aided and abetted him). *United States v. Runyon*, 994 F.3d 192, 202-203 (4th Cir. 2021) (under modified categorical approach, resulting death is an element in the statute of conviction).

The multiple alternative elements of § 2113(e) describe three distinct crimes in which a defendant kills someone while also committing a violation of § 2113(a):

1) taking from a person by force and violence, or by intimidation property in the custody of a bank and in committing the offense kills a person;

2) taking from a person by force and violence, or by intimidation property in the custody of a bank and in avoiding or attempting to avoid apprehension for the commission of the offense kills a person;

3) taking from a person by force and violence, or by intimidation property in the custody of a bank and in attempting to free himself from arrest or confinement for such offense kills a person.

The modified categorical approach is used to determine "which element played a part in

19

the defendant's conviction." *Descamps v. United States*, 570 U.S. 254 (2013). Under this approach, the court may look to the terms of the relevant charging document, jury instructions, plea agreement, plea colloquy, etc. *See Mathis v. United States*, 579 U.S. 500, 505-06 (2016); *Shepard v. United States*, 544 U.S. 13, 26 (2005).

Count One of the indictment charged that Holder and Allen by force, violence, and intimidation did take from the person or presence of another, a quantity of U.S. currency in the custody of Lindell Bank & Trust and in committing such offense did kill Richard Heflin. Exhibit 1, Indictment.   The jury was instructed, as to Count One, that there were four essential elements:

> *One,* the defendant took money from the person and presence of another while that money was in the care or custody of the Lindell Bank & Trust Company;
> *Two*, such taking was by force and violence or intimidation;
> *Three*, the deposits of the Lindell Bank & Trust Company were then insured by the Federal Deposit Insurance Corporation; and
> *Four*, in committing this offense, the defendant, or a person aided and abetted by the defendant, killed Richard Heflin.

Exhibit 2, Instruction No. 15.

Thus, Holder was charged and convicted of the crime of aiding and abetting killing Richard Heflin while Holder was *committing* a federal bank robbery.   The conviction for an ordinary bank robbery required a knowing *mens rea*.   It obviously involved force given that death resulted.   It is therefore a crime of violence.

In *United States v. Runyon*, , the Fourth Circuit engaged in a similar analysis in determining that the offense of conspiracy to use facilities of commerce with the intent that a murder be committed for hire where death results was a crime of violence. 994 F.3d at 202. The Court found that both the indictment and jury instructions required the requisite *mens rea* to

20

constitute use of force and there was no "realistic probability" that the death was accidental or negligent. *Id.* at 203. Here, there is no realistic probability of the government prosecuting a defendant for by force, violence, and intimidation taking from a person or presence of another, property in the custody of a bank and *in committing such offense* killing a person while that death was somehow only recklessly or negligently caused. *Holder v. United States*, 836 F.3d 891, 894 (8th Cir. 2016) (expressing doubts how the combined offense of §§ 2113(a) and (e) might be committed in a manner not involving actual violence or not involving knowing or intentional intimidation) (Melloy, J., dissenting).

Holder argues that § 2113(e) contains no scienter requirement other than that required for the underlying bank robbery. Yet Holder was convicted of a violation of § 2113(a)—federal bank robbery which is a crime of violence—and § 2113(e)—aiding and abetting killing Mr. Heflin while committing said robbery. Even if the Court finds that the additional elements in § 2113(e) would not independently constitute a crime of violence, § 2113(a) is a crime of violence and serves as a predicate for Holder's conviction in Count Two of 18 U.S.C. § 924(j).

VI.    There Is No Basis to Set Aside Holder's Death Sentence on Count One

Holder contends that his death sentence on Count One, killing Richard Heflin during the commission of an armed bank robbery (§§ 2113(a) and (e)), should be set aside along with his death sentence on Count Two, use of a firearm in a crime of violence (§§ 924(c)(1) and (j)), because to do otherwise would violate the Eighth Amendment's protection against cruel and unusual punishment.

Holder contends that allowing his death sentence on Count One to stand would implicate the Eighth Amendment because the jury was exposed to a purportedly invalid count in Count

21

Two.   Holder cites *Johnson v. Mississippi*, 486 U.S. 578 (1988) in which the Court held that when a prior conviction used as a capital aggravator was overturned, the death sentence based at least in part on that aggravator must be reversed.   This argument is specious at best; unlike in *Johnson*, the exact same evidence was presented in Holder's trial in support of both counts. Holder and Allen, dressed in dark clothes and wearing ski masks, entered the lobby of the bank armed with assault rifles that Holder had supplied. Holder wore a bullet-proof vest.   Both robbers fired their semi-automatic assault rifles immediately.   The security guard was riddled with bullets and died.   Allen remained in the lobby as Holder vaulted over a counter and took the money.   Holder admitted that he and Allen planned and committed the robbery.   The facts underlying both counts were identical.

The jury's decision to sentence Holder to death on Count One was not tainted by inadmissible evidence; instead it rested on his actions in committing this brutal crime. Resentencing on Count One is unjustified.   *United States v. Perry*, 803 F. App'x 722 (4th Cir. 2020) (District Court did not abuse its discretion in denying defendant's request for resentencing on Hobbs Acts robbery counts after it vacated the § 924(c) counts.)

Conclusion

Because Holder's claims fail on procedural and substantive grounds, his petition for a writ of habeas corpus must be dismissed with prejudice or otherwise denied.

22

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

*s/ Carrie Costantin*
Carrie Costantin, #35925MO
Special Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (314) 539-6885
Fax: (314) 539-2209
E-mail: carrie.costantin@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/ Carrie Costantin*
Carrie Costantin   #35925MO
Special Assistant United States Attorney

23