UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NORRIS G. HOLDER, JR.,<br><br>    *Petitioner*,<br><br>v.<br><br>STEVEN KALLIS, Warden,<br>USP Terre Haute,<br>          and<br>UNITED STATES OF AMERICA,<br><br>    *Respondents*. | Case No. 2:22-cv-00212-JRS-MG<br><br>**DEATH PENALTY CASE** |

**REPLY IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

LISA G. PETERS
FEDERAL PUBLIC DEFENDER

By

Nadia Wood,
Assistant Federal Public Defender

Office of the Federal Public Defender
for the Eastern District of Arkansas
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201

Phone: (501) 324-6114
Fax: (501) 324-5630
Nadia_Wood@fd.org

*Counsel for Norris G. Holder, Jr.*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................ ii

TABLE OF AUTHORITIES ...................................................................................... iii

INTRODUCTION .....................................................................................................1

ARGUMENT............................................................................................................ 2

    I.   Mr. Holder is Innocent of Violating § 924(c)...................................... 2

    II.  No Procedural Barrier Prevents This Court from Granting
        Mr. Holder Relief. ........................................................................ 7

        A.  This Court has jurisdiction under the savings clause................................. 7

        B.  Mr. Holder did not procedurally default his claim and his
            innocence of violating § 924(c) overcomes any procedural bar...................9

        C.  The concurrent sentencing doctrine does not apply here. ........................ 12

CONCLUSION ......................................................................................................14

# TABLE OF AUTHORITIES

**CASES**

Pages

*Allen v. Watson,* Case No. 2:21-cv-00396-JPH-MKK (S.D. Ind.) ................................... 14

*Borden v. United States,* 141 S. Ct. 1817 (2021)..........................................................passim

*Bousley v. United States,* 523 U.S. 614 (1998) ................................................................ 11

*Chazen v. Marske,* 938 F.3d 851 (7th Cir. 2019) ...................................................... 7, 9, 10

*Cruz v. Arizona,* 143 S. Ct. 650 (2023) ............................................................................. 9

*Hill v. Werlinger,* 695 F.3d 644 (7th Cir. 2012) ............................................................. 12

*in re Davenport,* 147 F.3d 605 (7th Cir. 1998) ....................................................... 7, 9, 10

*Light v. Caraway,* 761 F.3d 809 (7th Cir. 2014) ............................................................... 7

*Luster v. Entzel,* No. 1:21-cv-84, 2022 WL 1164421 (N.D.W. Va. Mar. 15, 2022) ............ 5

*Paul v. Caraway,* Case No. 22-2749 (7th Cir.).................................................................. 2

*Paul v. Superintendent,* No. 2:13-cv-00304-JMS-MJD, 2022 WL 3043526
(S.D. Ind. Aug. 2, 2022)..........................................................................................passim

*Redacted v. Redacted,* No. [Redacted] (RBW), 2022 WL 4546737
(D.D.C. Aug. 29, 2022) ................................................................................................ 6

*Ruiz v. United States,* 990 F.3d 1025 (7th Cir. 2021)...................................................... 12

*Sibron v. New York,* 392 U.S. 40 (1968) ......................................................................... 12

*United States v. Brough,* 243 F.3d 1078 (7th Cir. 2001).................................................. 12

*United States v. Buck,* 23 F.4th 919 (9th Cir. 2022) ......................................................... 5

*United States v. Estell,* 924 F.3d 1291 (8th Cir. 2019) ....................................... 3, 4, 8, 10

*United States v. Giles,* No. 22-CV-3354, 2022 WL 2791353 (N.D. Ill. July 15, 2022)....... 5

*United States v. Harper,* 869 F.3d 624 (8th Cir. 2017) ..................................................... 4

*United States v. Holder,* Case No. 4:97-cr-00141-ERW (E.D. Mo.) ............................... 13

*United States v. King,* No. 16-3329, 2022 WL 1451391 (3d Cir. May 9, 2022) ................. 5

*United States v. Taylor,* 142 S. Ct. 2015 (2022).........................................................passim

*United States v. White,* 58 F.4th 889 (6th Cir. 2023)........................................................ 6

*United States v. Williams,* 864 F.3d 826 (7th Cir. 2017) ..................................... 3, 4, 8, 10

*United States v. Yockel,* 320 F.3d 818 (8th Cir. 2003) ................................................... 3, 8

*Vaughan v. United States,* No. 2:94-511-RMG, 2021 WL 4993537
(D.S.C. October 27, 2021)............................................................................................. 5

*White v. United States,* 8 F.4th 547 (7th Cir. 2021) ....................................................... 10

## STATUTES

18 U.S.C. § 924(c) ..................................................................................................passim

18 U.S.C. § 2111 .............................................................................................................. 5

18 U.S.C. § 2113 ...................................................................................................passim

28 U.S.C. § 2241 ....................................................................................................passim

28 U.S.C. § 2255 ....................................................................................................passim

## REPLY IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Petitioner, Norris G. Holder, Jr., through his undersigned counsel, replies to the government's response to this Court's Order to Show Cause (Doc. 17, "Resp.") and urges this Court to grant his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1, "Pet."). Contrary to the government's assertions, Mr. Holder has established that his conviction for violating 18 U.S.C. § 924(c) is invalid because federal bank robbery is not a qualifying predicate crime of violence. Mr. Holder also has established that this Court has jurisdiction to correct the wrongful conviction and that his death sentence must be vacated in its entirety.

### INTRODUCTION

The government offers a variety of arguments for why Mr. Holder's petition should be dismissed. But it fails to address the critical respect in which *Borden v. United States,* 141 S. Ct. 1817 (2021), overruled prior interpretations of 18 U.S.C. § 924(c) to place federal bank robbery outside the statute's scope. After *Borden,* as reinforced by *United States v. Taylor,* 142 S. Ct. 2015 (2022), to qualify as a crime of violence, the predicate felony statute must require the government to prove, at a minimum, that the defendant intended to communicate a threat of violence. *Borden,* 141 S. Ct. at 1826. Not only does the government ignore *Taylor,* which Mr. Holder submitted as supplemental authority (Doc. 10), but in arguing both that federal bank robbery is a categorical crime of violence and that various procedural rules block Mr. Holder from pursuing relief, the government relies on the precedent that *Borden* invalidated. (Resp. at 16–17.)

The government also ignores *Paul v. Superintendent,* No. 2:13-cv-00304, 2022 WL 3043526 (S.D. Ind. Aug. 2, 2022), although Mr. Holder submitted this decision as

1

supplemental authority as well. (Doc. 10.) In *Paul,* this Court concluded both that a federal death row prisoner could bring his habeas petition under the savings clause and that *Borden* invalidated his § 924(c) conviction because the predicate robbery conviction cannot be a categorical crime of violence under *Borden. Paul,* 2022 WL 3043526, at *8. This Court specifically found that the *Borden* invalidated the objective, reasonable-victim analysis used by both the Seventh and Eighth Circuits to hold that bank robbery by intimidation was a crime of violence. *Id.*[1]

Together, *Borden, Taylor,* and *Paul* are fatal to the government's arguments, and they compel a grant of habeas relief to Mr. Holder.

## ARGUMENT

### I.   Mr. Holder is Innocent of Violating § 924(c).

While the government argues that this Court should reject Mr. Holder's *Borden* claim as procedurally barred or should decline jurisdiction because he has not satisfied 28 U.S.C. § 2255(e)'s savings clause, both arguments fail because Mr. Holder can show he is actually innocent of violating § 924(c). The government concedes both that actual innocence overcomes any procedural default and that the savings clause is available when a new statutory interpretation by the Supreme Court shows that the defendant is actually innocent of the crime for which he was convicted. (*See* Resp. at 7–8, 10.) Accordingly, Mr. Holder begins by reiterating why *Borden* invalidates his § 924(c) conviction, warranting relief.

---

[1] The government appealed the *Paul* decision, but the Seventh Circuit recently suspended briefing in the appeal at the parties' request to allow the government to consider withdrawing the notice of intent to seek the death penalty. *See Paul v. Caraway,* Case No. 22-2749 (7th Cir.), Docs. 12–13.

The government acknowledges that *Borden* holds that a categorical crime of violence must carry a knowing or intentional mens rea, but argues that federal bank robbery under 18 U.S.C. § 2113(a) does so. (*See* Resp. at 13–14.) The government also asserts that because Mr. Holder was also convicted under 18 U.S.C. § 2113(e) for aiding and abetting a killing in the course of the bank robbery, *Borden* does not apply to his § 924(c) conviction. Resp. at 18. Neither argument has merit.

First, in arguing that federal bank robbery cannot be committed recklessly, the government relies on the very analysis that Mr. Holder explained in his petition has been undermined by *Borden*. (Resp. at 13–17.) According to the government, bank robbery under § 2113(a) is a crime of violence because the courts have deemed intimidation to imply a threat of violence. (*See* Resp. at 14, 17 (citing cases).)

What the government omits, however, is that the cases on which it relies construed the threat of violence implicit in "intimidation" from the perspective of the victim (or, rather, a hypothetical reasonable person in the victim's position). *See, e.g., United States v. Estell,* 924 F.3d 1291, 1293 (8th Cir. 2019); *United States v. Williams,* 864 F.3d 826, 829 (7th Cir. 2017); *United States v. Yockel,* 320 F.3d 818, 823 (8th Cir. 2003). These decisions did not interpret the statute to require that the defendant himself intend to communicate such a threat, only that he intend to engage in the act of taking money from the bank. *See Estell,* 924 F.3d at 1293; *Williams,* 864 F.3d at 829.

In *Estell,* for example, the Eighth Circuit made clear that it did not read the federal bank robbery statute to include a mens rea of knowledge or intent to intimidate. It explained, "even though bank robbery by intimidation *does not require a specific intent to intimidate,* it still constitutes a threat of physical force because 'threat,' as commonly defined, 'speak[s] to what the statement conveys—*not to the mental state of*

3

*the author.*'" 924 F.3d at 1293 (emphasis added) (quoting *United States v. Harper,* 869 F.3d 624, 626 (8th Cir. 2017)). Similarly, in *Williams,* the Seventh Circuit specifically recognized that "federal bank robbery 'by intimidation' does not require the government to prove intent to intimidate." 864 F.3d at 829. Rather, the government need only prove "that the defendant acted intentionally in a way that would cause a reasonable person to be intimidated." *Id.*

The government quotes both *Estell* and *Williams* (Resp. at 17), but fails to acknowledge their significance in light of *Borden. Borden* overruled these precedents by holding that a crime of violence must carry at least a knowing *mens rea,* and that any threat of violence must be targeted and intentional on the defendant's part, not abstract or objective. *Borden,* 141 S. Ct. at 1826; *see also Taylor,* 142 S. Ct. at 2023.

Indeed, in *Taylor,* which the government fails to acknowledge or address, the Supreme Court rejected the argument that a threat of force for purposes of the categorical approach can be interpreted to encompass "conduct that poses an abstract risk to community peace and order, whether known or unknown to anyone at the time." 142 S. Ct. at 2023. Instead, *Taylor* held that a categorical crime of violence "require[s] a communicated threat." *Id.* Thus, if the predicate felony statute is worded such that the crime can be committed without a defendant knowingly or intentionally communicating a threat of violent physical force, it is not a crime of violence under § 924(c). *Id.* In *Taylor,* the Court concluded that attempted Hobbs Act robbery is not a categorical crime of violence because, like federal bank robbery, it can be committed by intimidation, requiring proof only that a reasonable person would *perceive* a threat of violence, not that the defendant intend to communicate one.

4

As with *Taylor,* the government neither mentions nor distinguishes *Paul,* in which this Court vacated a federal death row prisoner's § 924(c) conviction predicated on federal robbery under 18 U.S.C. § 2111. *Paul,* 2022 WL 3043525 at *8. The court specifically analogized § 2111 to federal bank robbery under § 2113(a) and concluded that because the relevant circuit—the Eighth—had held that the government was *not* required to prove the defendant personally intended to intimidate, the robbery was not a categorical crime of violence. *Id.*

Further, while the government points to a handful of post-*Borden* cases to support its arguments (Resp. at 14–15), none of those cases addresses the fatal problem in the circuits' interpretation of bank robbery by intimidation. Nor do they address the impact of *Taylor* or *Paul* on the categorical analysis of federal bank robbery.

The first case the government cites, *United States v. Buck*, 23 F.4th 919 (9th Cir. 2022), does not involve bank robbery at all. Another, *Luster v. Entzel,* No. 1:21-cv-84, 2022 WL 1164421 (N.D. W. Va. Mar. 15, 2022), turns on a predicate conviction of *armed* bank robbery under 18 U.S.C. § 2113(d), which has a different set of elements from the simple bank robbery statute at issue here. The others, *United States v. King*, No. 16-3329, 2022 WL 1451391 (3d Cir. May 9, 2022), *United States v. Giles*, No. 22-CV-3354, 2022 WL 2791353 (N.D. Ill. July 15, 2022), and *Vaughan v. United States*, No. 2:94-511, 2021 WL 4993537 (D.S.C. Oct. 27, 2021), fail to address the impact of *Borden* and *Taylor* on the categorical analysis of bank robbery by intimidation, which, as this Court recognized in *Paul,* has been interpreted to require proof only that a reasonable person perceive a threat, not that the defendant intend to communicate one.

Moreover, *Paul* is not alone in recognizing that *Borden* invalidates convictions like Mr. Holder's. The Sixth Circuit recently recognized that *Borden* required overruling

its prior decisions holding Ohio aggravated robbery to be a categorical crime of violence because those cases had found an "implied threat" in the requisite conduct but had not construed the statute to require "that the implied threat is necessarily accomplished with a mens rea greater than recklessness." *United States v. White,* 58 F.4th 889, 896 (6th Cir. 2023). In another recent case, the District of Columbia District recognized that *Borden* requires that a predicate crime of violence include, at a minimum, the defendant's intentional, targeted threatened use of force. *Redacted v. Redacted,* No. [Redacted] (RBW), 2022 WL 4546737, *5 (D.D.C. Aug. 29, 2022). Because the Maryland robbery statute there at issue could be violated by conduct not requiring a purposeful and targeted threat of force, the court held it was not a categorical crime of violence. *Id.* at *6–9. The reasoning in these decisions applies equally here.

Second, the government also is wrong that Mr. Holder's conviction under 18 U.S.C. § 2113(e) provides a separate basis to uphold his § 924(c) conviction. As Mr. Holder explained at length in his petition, the § 2113(e) component of Count 1 required only proof that a person was killed during the bank robbery, not that Mr. Holder knowingly or intentionally used, attempted to use, or threatened to use force against anyone. (Pet. at 17–19.)

Thus, after *Borden, Taylor,* and *Paul,* there can be no doubt that federal bank robbery is not a categorical crime of violence, and Mr. Holder is innocent of violating § 924(c). This Court should vacate his conviction on Count 2.

6

## II.    No Procedural Barrier Prevents This Court from Granting Mr. Holder Relief.

### A.    This Court has jurisdiction under the savings clause.

The government argues that this Court lacks jurisdiction over Mr. Holder's habeas petition because he cannot satisfy the savings clause of 28 U.S.C. § 2255(e). This argument turns in large part on the government's flawed attack on the merits of Mr. Holder's *Borden* claim, addressed above. (*See* Resp. at 9–10.) Because *Borden* invalidates Mr. Holder's § 924(c) conviction and overrules prior circuit precedent to the contrary, the savings clause allows him to proceed here by way of a habeas corpus petition under § 2241.

As the government acknowledges (Resp. at 10), the Seventh Circuit deems the savings clause satisfied when (1) the prisoner's claim turns on a new Supreme Court decision interpreting a federal criminal statute, rather than announcing a constitutional rule; (2) the decision in question applies retroactively to cases on collateral review and the prisoner could not have raised the claim in his initial § 2255 motion; and (3) failing to correct the error would constitute a miscarriage of justice. *Light v. Caraway,* 761 F.3d 809, 812-13 (7th Cir. 2014); *see also In Re Davenport,* 147 F.3d 605, 609 (7th Cir. 1998). The prisoner must have had no previous "reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Davenport,* 147 F.3d at 609; *see also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Mr. Holder's petition explained in detail why his claim satisfies this standard, opening the door to relief under the savings clause. (*See* Pet. at 10–11.)

Again, the government fails even to mention *Paul,* in which this Court found that a federal death row prisoner could pursue his *Borden* claim under the savings clause. *Paul,* 2022 WL 3043526, at *7–8. This Court found the Seventh Circuit's *Davenport*

7

factors were satisfied where the prisoner sought to apply *Borden* to invalidate a § 924(c) conviction predicated on a federal robbery statute functionally identical to the federal bank robbery statute at issue here. *Id.*

The government concedes that *Borden* is a new, retroactively applicable Supreme Court decision. (Resp. at 10.) According to the government, this Court should nevertheless find the savings clause inapplicable because Mr. Holder could, theoretically, have asserted a claim that his § 924(c) conviction was invalid as a general intent crime in his original § 2255 motion in 2005. (Resp. at 10–11.)

What the government ignores, however, is that until *Borden,* both the Eighth Circuit, where Mr. Holder's direct appeal and § 2255 motion were reviewed, and the Seventh, where he seeks to proceed under the savings clause and § 2241, as well as every other circuit, had held that federal bank robbery under 18 U.S.C. § 2113(a) was a categorical crime of violence for purposes of § 924(c). Moreover, as has already been discussed, those circuits had consistently held that bank robbery by intimidation satisfied § 924(c) because it required proof that a reasonable person would perceive a threat of violence. *See, e.g., Estell,* 924 F.3d at 1293; *Williams,* 864 F.3d at 829; *Yockel,* 320 F.3d at 823. It was not until *Borden* that the Supreme Court revealed these decisions to have been wrong all along, explaining not only that a crime of violence requires more than a reckless mens rea, but also that the requisite intent to use, attempt to use, or threat to use force must be the defendant's own mental state, and cannot be inferred from the perspective of any other person, real or hypothetical. *See Borden,* 141 S. Ct. at 1826; *see also Taylor,* 142 S. Ct. at 2023. In other words, not only does *Borden* invalidate Mr. Holder's conviction on Count 2, it also invalidates the circuit precedents that previously foreclosed this relief on direct appeal or in his § 2255 proceedings. *See*

8

*Cruz v. Arizona,* 143 S. Ct. 650 (2023) (rejecting state's attempt to block a prisoner's claim as both foreclosed by now-rejected law and procedurally barred).

The government further claims that whether Mr. Holder may pursue his claim under the savings clause depends on whether this Court applies Seventh Circuit or Eighth Circuit law. (Resp. at 12.) Savings clause cases do sometimes raise choice-of-law issues. *See, e.g., Chazen,* 938 F.3d at 860; *id.* at 864–65 (Barrett, J., concurring). But any choice-of-laws concerns relate only to the issue of what law applies to the *merits* of the prisoner's claim, not to whether he may pursue relief under the savings clause. *See id.* at 859–60; *see also Davenport,* 147 F.3d at 612. As Mr. Holder explained in his petition, and above, the pre-*Borden* substantive law of the Seventh and Eighth Circuits was the same, wrongly holding that federal bank robbery was a categorical crime of violence because "intimidation" implied that a reasonable person would perceive a threat of force. *See* Pet. at 4, 12–13; *see also Paul,* 2022 WL 3043526, at \*7–8.

### B.     Mr. Holder did not procedurally default his claim and his innocence of violating § 924(c) overcomes any procedural bar.

The government argues that Mr. Holder's *Borden* claim is procedurally defaulted because he did not raise it either on direct appeal or in his initial § 2255 motion. (Resp. at 7.) This argument fails both because the procedural default doctrine does not create an independent barrier to relief when the claim satisfies the savings clause, as Mr. Holder's does, and because even if the doctrine does apply, Mr. Holder can overcome the bar because he is actually innocent of Count 2.

This Court need not delve any further into the government's procedural default argument than its concession that actual innocence overcomes any such default. (Resp.

9

at 7.) Mr. Holder has established his innocence of violating § 924(c), negating the application of any procedural bar.

And while Mr. Holder's innocence of Count 2 should end the issue of procedural default, it is worth noting that the procedural default principles the government advocates do not apply in the context of a savings clause case. The Seventh Circuit imposes a strict standard for when a claim may be presented in a habeas corpus petition by way of the savings clause. *See, e.g., Davenport*, 147 F.3d at 609. One of these prerequisites is that the petitioner could not have raised the claim on appeal or in his first § 2255 motion. *See id.; see also Chazen*, 938 F.3d at 856.

In fact, the government acknowledges that procedural default does not bar a prisoner from raising a claim:

> (1)  when the Supreme Court explicitly overrules prior precedent;
> (2) when a decision overturns a "longstanding and widespread practice" not previously addressed by the Court "to which the Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; and
> (3) when a decision disapproves of a previously-sanctioned practice.

(Resp. at 8) (quoting *White v. United States,* 8 F.4th 547, 555 (7th Cir. 2021)). *Borden* does all of these things.

Prior to *Borden,* the Supreme Court had not addressed the issue of whether a general intent crime can qualify as a crime of violence under § 924(c) or related statutes. Nor had the Court made clear that any threat of force necessary to violate § 924(c) must be assessed from the defendant's perspective, not that of the victim. At the same time, every circuit to consider the issue, including the Seventh and Eighth as relevant here, had held that federal bank robbery qualified as a crime of violence by interpreting its least culpable form—bank robbery by intimidation—to carry an implicit threat of

10

violence from the perspective of a reasonable person in the victim's position. *See, e.g.,* *Estell,* 924 F.3d at 1293; *Williams,* 864 F.3d at 829. *Borden* rejected this "longstanding and widespread practice" of assessing the force element of federal bank robbery by intimidation from an objective standpoint rather than requiring proof of the defendant's own intent. *See Borden,* 141 S. Ct. at 1826. *Taylor,* too, confirms that the circuits' pre-*Borden* analysis can no longer support finding that federal bank robbery is a categorical crime of violence. *See Taylor,* 142 S. Ct. at 2023.

Thus, by the government's own concessions, there is no basis to procedural bar Mr. Holder's *Borden* claim. Moreover, it would defy logic to apply the procedural default principles the government urges in this context. If satisfying the *Davenport* savings clause test requires that the claim have been squarely foreclosed by circuit precedent during the prisoner's prior proceedings, then he cannot also be required to have raised the claim in one of those same prior proceedings. This Court should decline the government's invitation to graft additional procedural strictures onto the already onerous *Davenport* standard.

The government also argues that *Bousley v. United States*, 523 U.S. 614, 621 (1998), supports application of the procedural default rule. (Resp. at 7–8.) But *Bousley* bears only superficial resemblance to this case, in that both arose after the Supreme Court issued a new decision interpreting a federal criminal statute.

In *Bousley,* the prisoner did not argue that the new statutory interpretation proved he was actually innocent. Rather, he challenged only the voluntariness of his guilty plea. *See Bousley,* 523 U.S. at 620. Because there was "surely nothing new" about the principles governing Bousley's involuntary guilty plea claim, and he had not

challenged the voluntariness of his plea on direct appeal, the Court ruled his claim was procedurally defaulted. *Id.*

Here, by contrast, Mr. Holder's claim directly invokes the Supreme Court's new, retroactive, and previously unavailable statutory interpretation and argues that this decision places his conduct outside the statute's reach. Because there was a solid wall of circuit authority foreclosing the claim before *Borden*, Mr. Holder could not have obtained relief on either direct appeal or in his initial § 2255 proceedings. *Bousley* provides no basis to procedurally bar Mr. Holder's *Borden* claim.

### C.    The concurrent sentencing doctrine does not apply here.

The government asks this Court to reject Mr. Holder's *Borden* claim because, even if he is innocent of violating § 924(c), he was also sentenced to death for the bank robbery conviction on Count 1. (Resp. at 5–6.) According to the government, the "concurrent sentence doctrine" dictates this result.

The concurrent sentence doctrine does not apply here. That principle gives a court the discretion—not a mandate—to dismiss a substantive challenge to a conviction where the defendant is serving an equal or longer concurrent sentence on an unchallenged count. *See, e.g., United States v. Brough,* 243 F.3d 1078, 1081 (7th Cir. 2001). However, the court should not apply the doctrine if any "adverse collateral consequences could come to the prisoner by declining to review the challenged conviction." *Ruiz v. United States,* 990 F.3d 1025, 1033 (7th Cir. 2021) (citing *Hill v. Werlinger,* 695 F.3d 644, 649 n.1 (7th Cir. 2012)); *see also Sibron v. New York,* 392 U.S. 40, 56–57 (1968).

It is unclear whether the concurrent sentence doctrine ever applies in the capital sentencing context; Mr. Holder has found no cases considering whether it does.

12

Moreover, Mr. Holder's petition challenges not just his conviction on Count 2 but his death sentences on both counts. As he explained in the petition, there is at least a reasonable probability that his invalid § 924(c) conviction influenced the jury's decision to return a death sentence on Count 1, the bank robbery charge. (Pet. at 19–23.)

For example, only the § 924(c) count framed the victim's death as "murder;" that term was absent from the instructions on the bank robbery charge. In defining the elements needed to convict Mr. Holder on Count 2, the instructions told the jury:

> The crime of using or carrying a firearm during or in relation to a crime of violence *which results in a murder*, as charged in Count II of the indictment, has four essential elements, which are:
>
> *One,* the defendant willfully and intentionally committed the crime of bank robbery as charged in Count 1;
>
> *Two,* during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm;
>
> *Three,* that in the course of willfully and intentionally committing the crime of bank robbery as charged in Count I, while knowingly using or carrying a firearm, the defendant, or a person aided and abetted by the defendant, killed Richard Heflin by the use of a firearm; and
>
> *Four*, the killing of Richard Heflin was murder in the perpetration of a robbery.

*United States v. Holder,* Case No. 4:97-cr-00141-ERW (E.D. Mo.), Jury Instruction 19. (emphases added). Had the invalid § 924(c) charge been omitted from the case, the jury would not have been given any framework to conceptualize Mr. Heflin's death as "murder." This Court therefore can have no confidence that Mr. Holder would have been sentenced to death on the bank robbery count, standing alone.

Applying the concurrent sentence doctrine to reject Mr. Holder's *Borden* claim also raises the possibility of unjustly disparate outcomes for him and his co-defendant,

Billie Allen, the person who actually killed the victim. For reasons that can only be explained as reflecting the arbitrariness of capital sentencing, Mr. Allen's jury[2] did not return a death sentence for his bank robbery conviction, only on the § 924(c) charge in Count 2. Thus, while the government challenges Mr. Allen's similar *Borden* claim on a variety of grounds, it cannot urge application of the concurrent sentence doctrine there. *See Allen v. Watson,* Case No. 2:21-cv-00396-JPH-MKK (S.D. Ind.), Doc. 9.

If the court were to find that Mr. Allen is entitled to relief under *Borden,* he would leave death row. Any such decision should also apply to Mr. Holder's § 924(c) conviction, as the claim raises a purely legal question. But if this Court dismisses Mr. Holder's petition based on the concurrent sentence doctrine, he will not only remain convicted of an invalid crime, but will also face execution while his co-defendant, the person who shot and killed the victim, does not. Such an unfair outcome weighs strongly against applying the concurrent sentence doctrine.

## CONCLUSION

For all the reasons set forth above and in his petition, Mr. Holder respectfully asks this Court to grant him the writ of habeas corpus, vacate his conviction and sentence on Count 2, and order that he be resentenced for his remaining conviction.

---

[2] Mr. Allen and Mr. Holder were tried separately before different juries. Both co-defendants are Black, but only Mr. Holder was tried by an all-white jury.

14

Dated March 17, 2023

Respectfully Submitted,

LISA G. PETERS
FEDERAL PUBLIC DEFENDER

By

Nadia Wood,
Assistant Federal Public Defender

Office of Federal Public Defender for the
Eastern District of Arkansas
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201

Phone: (501) 324-6114
Fax: (501) 324-5630
Nadia_Wood@fd.org

*Counsel for Norris G. Holder, Jr.*

15