UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NORRIS G. HOLDER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00212-JRS-MG |
| | ) | |
| STEVEN KALLIS, Warden, | ) | |
| USP Terre Haute | ) | |
| and | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondents. | ) | |

## GOVERNMENT'S MOTION TO DISMISS

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Indiana, Zachary A. Myers, and Carrie Costantin, Special Assistant United States Attorney for said district, and files its Motion to Dismiss.

Procedural History

On May 31, 2022, Petitioner Norris G. Holder, Jr. filed this petition for a writ of habeas corpus under 28 U.S.C. §2241 challenging his conviction for use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) and (j) (Count Two) because he claimed that the underlying federal bank robbery in violation of 18 U.S.C. § 2113 (a) and (e) (Count One) is not a crime of violence under *Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality holds that an offense that may be committed recklessly lacks a mens rea element sufficient to satisfy the definition of a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i)). The Government filed a response in opposition.

1

Section 2255 Claims

In 2003, Holder filed a motion to vacate pursuant to 28 U.S.C. § 2255.    In 2004, appointed counsel filed Holder's Motion Under 28 U.S.C. § 2255 to vacate his convictions and sentences.   None of his claims asserted that federal bank robbery was not a crime of violence predicate for 18 U.S.C. § 924(c).

After briefing and an evidentiary hearing, on July 22, 2008, United States District Judge E. Richard Webber, denied Holder's claims.  *Holder v. United States*, No. 4:03 CV 923 ERW, 2008 WL 2909648 (E.D. Mo. 2008).   On August 13, 2008, Holder filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e), which also did not raise the crime-of-violence claim. On December 14, 2009, the District Court denied the motion.   *Holder v. United States*, No. 4:03 CV 923 ERW, 2009 WL 5030785 (E.D. Mo. 2008).   The Eighth Circuit affirmed the denial. *Holder v. United States*, 721 F.3d 979 (8th Cir. 2013), *rehearing denied* (2014); *cert. denied,* 577 U.S. 829 (2015).

On May 13, 2016, Holder filed an application with the Eighth Circuit Court of Appeals requesting permission to file a successive habeas petition, claiming he was entitled to relief under the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2552 (2015). *Holder v. United States*, Case No. 16-2207.   Holder argued that the intimidation element of § 2113(a) did not require intentional conduct and that therefore a § 2113(a) conviction could not qualify as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A).   *Holder v. United States*, Application For Authorization to File A Successive Motion Under 28 U.S.C. § 2255(h), Case No. 16-2207, pp. 36-38.

The Eighth Circuit denied Holder's application on July 26, 2016. *Holder v. United States*,

2

836 F.3d 891 (8th Cir. 2016). The Court held that "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Id.*   Thus, Holder's § 2255 claims have been resolved.

Legal Analysis

A motion pursuant to 28 U.S.C. § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A defendant is normally limited to only one challenge of his conviction and sentence under Section 2255. He may only file a "second or successive" Section 2255 motion if the court of appeals certifies that such motion asserts the existence of either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or, (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Holder's claim meets neither requirement: his claim asserts an intervening change in *statutory* interpretation should provide relief to him.

As noted above, Holder has not been granted a certificate of appealability on his claim that federal bank robbery is not a crime of violence.   He filed the current petition under §2241, arguing that he was eligible to do so under the "saving clause" set out in 28 U.S.C. §2255(e). Under the saving clause, "an application for a writ of habeas corpus in behalf of a prisoner" who previously filed a §2255 "shall not be entertained … unless it … appears that the remedy is inadequate or ineffective to test the legality of his detention" 28 U.S.C. §2255(e).   The Seventh Circuit had previously interpreted §2255(e) to allow a prisoner to seek habeas relief under §2241 for such a change in statutory interpretation (if other conditions were also met). *In re Davenport*,

3

147 F.3d 605 (7th Cir. 1998).

On June 22, 2023, the Supreme Court issued its opinion in *Jones v. Hendrix*, 599 U.S. __,

143 S.Ct. 1857 (2023).   The Court held that a habeas corpus motion under 28 U.S.C. § 2241

cannot be used to pursue a claim based on a more favorable interpretation of statutory law

adopted after a defendant's conviction became final and his initial 28 U.S.C. §2255 was

resolved.

> The Court stated:

> Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241. To that end, § 2255(e) bars a federal prisoner from proceeding under § 2241 "unless ... the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention."

> Separately, since the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved.

> The question presented is whether that limitation on second or successive motions makes § 2255 "inadequate or ineffective" such that the prisoner may proceed with his statutory claim under § 2241. We hold that it does not.

*Jones*, 143 S.Ct. at 1863; *Id.* at 1868 ("[T]he saving clause does not authorize such an end-run

around AEDPA.").

The *Jones* Court prohibited such claims, expressly overruling the Seventh Circuit's

contrary decision in *In re Davenport*, 147 F.3d 605, which Holder relies upon to assert his

statutory claim.   *Jones*, 143 S. Ct. at 1868.

Since *Jones*, the Seventh Circuit held that "Because *Borden* is a statutory interpretation

decision, § 2255(h) does not permit [a defendant] to file a successive § 2255 motion, and *Jones*

4

forecloses the possibility of filing a § 2241 habeas petition via § 2255(e)." *Hogsett v. Lillard,* 72 F.4th  819, 821 (7ᵗʰ Cir. 2023)(vacating district court's judgment and remanding with instructions to dismiss for lack of subject-matter jurisdiction).  *See also, Sanders v. Joseph,* 72 F.4th 822 (7ᵗʰ Cir. 2023)(denying defendant's statutory claim in a § 2241 habeas petition pursuant to *Jones*); *Horton v. Lovett,* 72 F.4th 825 (7ᵗʰ Cir. 2023) (denying defendant's statutory claim in a § 2241 habeas petition pursuant to *Jones*).

Therefore, under this intervening precedent, the Court must dismiss the petition for lack of subject matter jurisdiction. *See Jones,* 143 S. Ct. at 1964.

<div style="margin-left:40%">

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

*s/ Carrie Costantin*
Carrie Costantin, #35925MO
Special Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (314) 539-6885
Fax: (314) 539-2209
E-mail: carrie.costantin@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<div style="margin-left:40%">

*s/ Carrie Costantin*
Carrie Costantin   #35925MO
Special Assistant United States Attorney

</div>