UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NORRIS G. HOLDER, JR., <br><br> *Petitioner*, <br><br> v. <br><br> STEVEN KALLIS, Warden, <br> USP Terre Haute, <br> and <br> UNITED STATES OF AMERICA, <br><br> *Respondents*. | Case No. 2:22-cv-00212-JRS-MG <br><br> **DEATH PENALTY CASE** |

## RESPONSE TO MOTION TO DISMISS

### INTRODUCTION

On August 23, 2023, the government filed a Motion to Dismiss Mr. Holder's Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241, arguing that the United States Supreme Court's intervening decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), leaves this Court without subject matter jurisdiction over the Petition. (ECF No. 30). Mr. Holder acknowledges that *Jones* leaves this Court with no option but to dismiss this particular § 2241 Petition. Nevertheless, Mr. Holder notes, as Justice Jackson did in dissent, that *Jones* "is nonsense" and "gives rise to legally dissonant, arbitrary, and untenable outcomes." *Jones,* 143 S. Ct. at 1893, 1899 (Jackson, J., dissenting).

Indeed, dismissal pursuant to *Jones* and its "shaky" statutory assumptions, *id.* at 1886 (Jackson, J., dissenting), will strip Mr. Holder of any meaningful opportunity to challenge his invalid conviction and death sentence in the only manner expressly reserved

1

through both the United States Constitution and the history and traditions of the American legal system. *See* U.S. Const. Art. 1, § 9, cl. 2; *Ex parte Yerger*, 75 U.S. 85, 96 (1868) ("The terms of [Art. 1, § 9, cl. 2] necessarily imply judicial action. In England, all the higher courts were open to applicants for the writ, and it is hardly supposable that, under the new [United States] government, *founded on more liberal ideas and principles*, any court would be, intentionally, closed to them.") (emphasis added). The effect of dismissal under *Jones* is particularly grotesque in this case, as it will allow the execution of a person who is legally innocent of the crime for which he stands convicted.

For these reasons, Mr. Holder neither objects to nor acquiesces in the government's Motion to Dismiss.

## ARGUMENT

"T[he] intent, in respect to the writ of *habeas corpus*, is manifest." *Ex parte Yerger*, 75 U.S. at 101. "It is that every citizen may be protected by judicial action from unlawful imprisonment." *Id*. Drawing on this foundational principle, the Supreme Court long held that access to habeas corpus was an essential safeguard to ensure that the government remains accountable to the judiciary where a person's life or liberty is at stake. *See generally id*. at 103 (holding that the possibility that a person could be held without a remedy, among other things, "forbid[s] any [statutory] construction giving to doubtful words the effect of withholding or abridging [the court's] habeas jurisdiction"); *Sanders v. United States*, 373 U.S. 1, 8 (1963) (relying on the "deeper roots" of habeas corpus to hold that "notions of finality of litigation have no place where life or liberty is at stake"); *see also Jones*, 143 S. Ct. at 1896 (Jackson J., dissenting) (highlighting that the majority's version of history is founded on "narrative and myth"). It was this very principle of ensuring access to habeas corpus that prompted Congress to include the savings clause

2

when it adopted § 2255 for purposes of administrative convenience in 1948, and to leave that clause intact when it otherwise constrained post-conviction relief with the Anti-terrorism and Effective Death Penalty Act in 1996. *See, e.g., United States v. Hayman*, 342 U.S. 205, 219 (1952).

As set forth in his Petition, Mr. Holder is unlawfully imprisoned—and sentenced to death—because *Borden v. United States*, 141 S. Ct. 1817 (2021), establishes that he is innocent of the 18 U.S.C. § 924(c) offense for which he was convicted. Both the Constitution and the history and tradition of American jurisprudence should entitle Mr. Holder to vindicate his innocence through "the great writ of habeas corpus." *See Ex parte Yerger*, 75 U.S. at 95. (*See also* ECF Nos. 1; 29).

*Jones*, however, newly and barbarically dictates that prisoners who, like Mr. Holder, stand convicted of conduct the Court now recognizes is not a federal crime have no judicial remedy. In effect, *Jones* subjugates Mr. Holder's humanity to the narrative myths of finality and procedure.

Mr. Holder sought habeas relief from this Court pursuant to 28 U.S.C. § 2241 because, for all practical purposes, he is barred from obtaining habeas relief on this claim from his sentencing court under 28 U.S.C. § 2255. After *Jones*, Mr. Holder's § 2241 Petition "is forever barred by 28 U.S.C. § 2255(h)" even though he "is actually innocent, [and] imprisoned[1] for conduct that Congress did not criminalize, . . . merely because he previously sought postconviction relief" on unrelated grounds at a time when his *Borden* claim was foreclosed by Circuit precedent. *Jones*, 143 S. Ct. at 1877 (Sotomayor, J., and

---

[1] Unlike the Petitioner in *Jones* however, Mr. Holder also stands to be executed by the United States government for conduct that is not criminalized under § 924(c).

Kagan, J., dissenting). *Jones* thus savages Mr. Holder's "immemorial right" to defend his life in a judicial forum. *See Ex parte Yerger*, 75 U.S. at 95.

Unfortunately, this savagery is only the latest in a string of "troubling" recent decisions in which "the Court has managed to transform the duty [of the federal judiciary] to protect federal rights into a self-fashioned abdication." *Jones*, 143 S. Ct. at 1898 n.26 (Jackson, J., dissenting) (collecting cases); *Coleman v. Thompson*, 501 U.S. 722, 759 (1991) (Blackmun, J., Marshall, J., and Stevens, J., dissenting). "[T]he Court's continuing crusade to erect petty procedural barriers" in habeas proceedings does nothing more than further its newfound "ethos that convicted prisoners should not be permitted to file § 2255 motions or obtain postconviction relief at all." *Sawyer v. Whitley*, 505 U.S. 333, 358 (1992) (Blackmun, J., concurring) (quotations omitted); *Jones*, 143 S. Ct. at 1899 (Jackson, J., dissenting).

Mr. Holder cannot acquiesce in a result that sacrifices his life on the altar of procedure, even if this Court is duty bound to apply the Supreme Court's holding in *Jones*. Nor can he join in a decision predicated on *Jones'*s "perverse" reading of federal law, which "gives rise to [a] legally dissonant, arbitrary, and untenable outcome." *Jones*, 143 S. Ct. at 1899 (Jackson, J., dissenting).

Alas, the nonsense reasoning in *Jones* is now the law that this Court must apply here. "[W]hen [the Supreme Court] construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law." *Rivers v. Roadway Express Inc.*, 511 U.S. 298, 312-13 (1994). "[A]fter [the Supreme Court has] decided a new rule in the case selected, the integrity of judicial review requires that [courts] apply that rule to all similar cases." *Griffith v. Kentucky*, 479 U.S. 314, 322-23 (1987).

4

Mr. Holder cannot advocate that the Court abandon its duty to apply the law as announced in *Jones*. However, dismissing this Petition will foreclose Mr. Holder's only meaningful opportunity to redress the fact that he is—and, given the Supreme Court's interpretation in *Borden,* has always been—innocent of violating 18 U.S.C. § 924(c), an offense for which he faces execution.

Thus, although Mr. Holder acknowledges that *Jones* governs the Court's decision in this matter, he refuses to recognize that *Jones* was correctly decided. *Jones* sadistically retrofits a false historical narrative to produce a desired outcome, with devastating consequences to any person who seeks to hold the government accountable for an illegal conviction.

Mr. Holder is confident that a future Court will find that *Jones* was egregiously wrong from its inception and should be overturned. *See Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2243-80 (2022). Until such time, he accepts that this Court will inevitably dismiss this Petition, and that he will continue to face illegal execution as a result.

Dated September 7, 2023

Respectfully Submitted,

/s/Allen Franco
Allen Franco
Federal Defender Office
Districts of Massachusetts, New Hampshire, and Rhode Island
51 Sleeper St., 5th Floor
Boston, MA 02210
Phone: (617) 223-8061
Fax: (617) 639-9023
Allen_Franco@fd.org

/s/ John C. Williams
Assistant Federal Public Defender

Chief, Capital Habeas Unit
Federal Public Defender's Office
1401 West Capitol, Suite 490
Little Rock, AR 72201
Phone: (501) 324-6114
Fax: (501) 324-5630
John_C_Williams@fd.org

Attorneys for Norris G. Holder, Jr.

CERTIFICIATE OF SERVICE

I certify that on September 7, 2023, a copy of the foregoing was filed electronically. Service of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

/s/ Allen Franco
Allen Franco

6