UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

NORRIS G. HOLDER, JR.,                          )
                                                )
                          Plaintiff,            )
                                                )
            v.                                  )        No. 2:22-cv-00212-JRS-MG
                                                )
UNITED STATES OF AMERICA, et al.,               )
                                                )
                          Defendants.           )

### Order Granting Motion to Dismiss

Norris Holder was sentenced to death in the Eastern District of Missouri for a 1997 armed robbery in which security guard Richard Heflin was killed. After pursuing direct appeal and post-conviction remedies, Mr. Holder brought this 28 U.S.C. § 2241 petition for a writ of habeas corpus. The United States has moved to dismiss the petition, and Mr. Holder acknowledges that dismissal is required under Supreme Court precedent. For the reasons below, the government's motion to dismiss, dkt. [30], is **GRANTED**.

### I.      Motion for Substitution of Counsel

As a preliminary matter, Mr. Holder's motion for substitution of counsel, dkt. [32], is **GRANTED**. The **clerk is directed** to **terminate** John C. Williams as an attorney in this matter and **add** Eliza Meredith as an attorney for Mr. Holder.

The **clerk is directed** also to **terminate** Nadia Wood as an attorney in this matter. *See* dkt. 28.

1

### II.    Motion to Dismiss

#### A.    Background

Mr. Holder was convicted in 1998 of robbery by force resulting in death in violation of 18 U.S.C. § 2113(a) and (e), and carrying a firearm during a crime of violence and murder resulting from a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and (j)(i). *See Holder v. United States*, 721 F.3d 979, 985 (8th Cir. 2013). He was sentenced to death on both counts. *Id.* The Eighth Circuit affirmed on direct appeal, and his petition for certiorari was denied.

Mr. Holder filed a 28 U.S.C. § 2255 motion, which was denied. *Id.* at 986. The Eighth Circuit affirmed, *id.* at 999, and the Supreme Court denied certiorari, *Holder v. United States*, 136 S. Ct. 34 (Oct. 15, 2015).

Mr. Holder's application for leave to file a successive § 2255 motion was denied. *Holder*, 836 F.3d 891 (8th Cir. 2016).

Mr. Holder then filed this 28 U.S.C. § 2241 petition, in which he argues that his § 924(c)(1)(A) and (j)(1) convictions must be vacated because bank robbery is not a crime of violence under § 924(c)(3). Dkt. 1 at 18−30; *see Borden v. United States*, 141 S. Ct. 1817, 1822 (2021) (holding that a "violent felony" as defined in the analogous § 924(e) requires a *mens rea* greater than simple recklessness). The United States filed a motion to dismiss, arguing the Supreme Court's decision in *Jones v. Hendrix* precludes this Court from exercising jurisdiction over the § 2241 petition. Dkt. 30; *see Jones v. Hendrix*, 599 U.S. 465 (2023). Mr. Holder responded, acknowledging that dismissal is warranted under *Jones*, but arguing that *Jones* was wrongly decided. Dkt. 31.

**B.    Discussion**

The primary vehicle for a collateral attack on a federal conviction or sentence is a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). A petitioner may seek relief by filing a § 2241 habeas corpus petition only if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). When Mr. Holder filed his petition, the Seventh Circuit had interpreted § 2255(e)'s saving clause to allow a § 2241 petition if the petitioner's claim was based on a retroactive statutory interpretation decision by the Supreme Court, provided other qualifications were met. *In re Davenport*, 147 F.3d 605, 611−12 (7th Cir. 1998).

Mr. Holder's § 2241 petition relies on *Davenport* to satisfy § 2255(e)'s saving clause. Dkt. 1 at 16−18. But after the petition was filed, the Supreme Court decided *Jones*, which abrogated *Davenport* and dramatically narrowed the class of cases to which the saving clause may apply. 599 U.S. at 477; *see id.* at 474−75 (noting that the saving clause applies when the sentencing court has been dissolved and in other narrow circumstances).

After *Jones*, the Court has no jurisdiction to adjudicate Mr. Holder's § 2241 petition as presented—as Mr. Holder himself acknowledges. Accordingly, the government's motion to dismiss, dkt. [30], is **GRANTED**. This action is **DISMISSED** for lack of jurisdiction. *See Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023) (directing district court to dismiss § 2241 petition for lack of jurisdiction when it did not satisfy § 2255(e)'s saving clause).

### III.    Conclusion

Mr. Holder's motion for substitution of counsel, dkt. [32], is **GRANTED**. The **clerk is directed** to **terminate** John C. Williams as an attorney in this matter and **add** Eliza Meredith as an attorney for Mr. Holder.

The **clerk is directed** also to **terminate** Nadia Wood as an attorney in this matter. *See* dkt. 28.

The government's motion to dismiss, dkt. [30], is **GRANTED**. This action is **DISMISSED** for lack of jurisdiction. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 01/10/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email